**M.D.C. WALLCOVERINGS, et al., Plaintiffs,**

**v.**

**STATE BANK OF WOODSTOCK, as Trustee Under Trust Agreement Dated March 17, 1980 and known as Trust No. 3033, et al., Defendants.**

**William M. FRANZ, as trustee, Defendant/Counter–Plaintiff,**

**v.**

**METRO NORTH STATE BANK, a Missouri Banking Corporation, and Home Savings Association of Kansas City Fla., Defendants/Counter–Defendants.**

No. 90 C 20089.

United States District Court, N.D. Illinois, W.D.

Feb. 15, 1991.

William I. Caldwell, Richard T. Jones, Jeffrey A. Rouhandeh, Caldwell, Berner & Caldwell, Woodstock, Ill., for plaintiffs.

Craig M. White, James R. Morrin, John T. Benz, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Metro North State Bank & Home Sav. Ass'n of Kansas City F.A.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is the motion of Defendant William M. Franz for assessment of fees and costs. For the reasons which follow, the court grants Franz's motion, and awards Franz $3,275.00 in fees and costs.

## BACKGROUND

On March 27, 1990, M.D.C. Wallcoverings and other Plaintiffs filed suit in state court in McHenry County, Illinois. The state court complaint sought foreclosure of various subcontractors' mechanic's liens and monetary damages for breach of contract. Defendant Franz filed a cross-complaint in the state court action on March 1, 1990. On March 26, 1990, Defendants Metro North State Bank and Home Savings Association of Kansas City F.A. (hereinafter "Metro North" and "Home Savings") filed a petition for removal of the entire case from state court to this federal district court.

On September 10, 1990, this court granted Defendant Franz's motion to remand. The court found that the case had been improvidently removed for various reasons, including that complete diversity of citizenship did not exist at the time Defendants filed their petition for removal. Defendant Franz's motion to remand did not ask the court to award costs and attorney's fees, and the court's order of remand made no mention of costs and fees. On October 9, 1990, Defendant Franz filed a motion for assessment of fees and costs, which is the subject of this Order.

## DISCUSSION

This court's Order of September 10, 1990 acknowledged that it did not have subject matter jurisdiction over the case. However, federal law governing removal and remand also specifically vests the district court with jurisdiction to award fees and costs. In 28 U.S.C. § 1447, entitled "Procedure after removal generally", subsection c provides, in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses,* including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (1988) (emphasis added).

The language quoted above was enacted through amendment on November 19, 1988. The previous version of the subsection read: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, *and may order the payment of just costs.*" 28 U.S.C. § 1447(c) (1985) (emphasis added).

Home Savings and Metro North argue that the difference between the previous and current versions of Section 1447(c) is that the current version limits the court's power to award fees and costs. They argue that the 1988 amendment means that the district court may award fees and costs *only* in an order of remand, and not otherwise.

The legislative history of the 1988 amendment does not support this argument. The rephrasing noted above is only one of many changes which Congress implemented through the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642. The introductory portion of the House Report on the Act identifies certain significant changes, such as the increased amount in controversy requirement for diversity cases, from $10,000 to $50,000. H.R.Rep. No. 889, 100th Cong., 2d Sess. 25, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 5985. In that introductory section, no mention is made of the revised sentence in 1447(c) regarding the award of costs and fees. Later, in the background section on amendments to removal procedure, the House Report states, "the proposed amendment to section 1447(c) will ensure that a substantive basis exists for requiring payment of

actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more severe sanction when appropriate." *Id.* at 72, 1988 U.S.Code Cong. & Admin.News at 6033. The only other discussion of the relevant amended sentence states:

> The proposal also would amend section 1447(c) to ensure that the court may order payment of actual expense caused by an improper removal. As noted above, this provision would replace the bond provision now set out in section 1446(d), which covers payment of "all costs and disbursements incured [sic] by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

*Id.*

This legislative history indicates that Congress intended that the 1988 amendment would expand, rather than limit, the district court's authority to award just costs and fees following improper removal. Even when a court does not have subject matter jurisdiction over a case, as here, it still has jurisdiction over certain ancillary issues such as the awarding of costs and fees. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–78 (7th Cir. 1987). A court which has found that it lacks subject matter jurisdiction retains jurisdiction to consider whether its process was abused in the course of that finding. *Unanue–Casal v. Unanue–Casal*, 898 F.2d 839, 841 (1st Cir.1990).

The court has found two district court cases holding that a court may award fees and costs under 28 U.S.C. § 1447(c) *only* as part of a remand order. *Faust v. Pennsylvania Dep't of Revenue*, No. 89–7295, 1990 WL 11674 (E.D.Pa. Feb. 8, 1990); *Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 150 (D.N.J.1989).[1] In neither case did the district court discuss the legislative history of the 1988 amendment.

At least one district court appears to agree with this court's conclusion. In *Palmer Manufacturing & Tank, Inc. v. Southwest Contracting, Inc.*, the court granted the plaintiff's motion for costs and fees pursuant to Section 1447(c) *after* having already ordered that the cases be remanded and that the defendant pay costs and fees. *Palmer*, No. 89–1415–C, 1990 WL 11032 (D.Kan. Jan. 5, 1990) (LEXIS, Genfed library, Dist file). The *Palmer* court appears to agree that the 1988 amendment to 28 U.S.C. § 1447(c) does not limit an award of costs and fees to the court's order of remand.

The legislative history and spirit of Section 1447(c) indicate that this court has jurisdiction to award costs and fees now, even though the remand order issued September 10, 1990. Further, the court finds that Defendants could have easily ascertained, with minimal research, that removal was clearly improper. Therefore, the court grants William Franz's motion for assessment of fees and costs pursuant to 28 U.S.C. § 1447(c). However, the court finds that some of Home Savings' and Metro North's objections to Franz's fee petition are well taken. Therefore the court finds that Franz is entitled to total fees and costs of $3,275.00.

## CONCLUSION

For the reasons set forth in this Order, the court grants William Franz's motion for assessment of fees and costs. The court enters judgment in favor of Defendant William Franz, and against Defendants Home Savings and Metro North, in the total amount of $3,275.00. The court orders Home Savings and Metro North to each pay to Defendant William Franz one-half, or $1,637.25, of this total amount of $3,275.00.

---

1. The First Circuit subsequently affirmed this case, but did not specifically address the district court's finding that 28 U.S.C. § 1447(c) precluded an award of fees and costs after remand. *Unanue–Casal v. Unanue–Casal*, 898 F.2d 839 (1st Cir.1990). The First Circuit addressed the award of costs and fees only under Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 841–42.