23 F.3d 395
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
IN RE Ulpiano UNANUE-CASAL, a/k/a Charles Unanue, Debtor.
Joseph A. Unanue, ET AL., Petitioners, Appellees,
v.
Ulpiano UNANUE-CASAL a/k/a Charles UNANUE, Respondent, Appellant.
 No. 93-2186
 United States Court of Appeals,
First Circuit.
 May 12, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge ]
 Jan Alan Brody, with whom Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, William Vidal-Carvajal, and Hernandez & Vidal were on brief, for appellant.
 Arturo J. Garcia-Sola, with whom Jose R. Gonzalez-Irizarry and McConnell Valdes were on brief, for appellees Joseph A. Unanue, Frank Unanue, and Goya Foods, Inc.
 Michael R. Griffinger, with whom Crummy, Del Deo, Dolan, Griffinger & Vecchione and Guillermo A. Nigaglioni were on brief, for remaining appellees.
 D. Puerto Rico.
 AFFIRMED
 Before Selya, Circuit Judge, Coffin and Bownes, Senior Circuit Judges.
 Per Curiam.
 
 
 1
 This is the latest chapter in a dispute that has been litigated with fierce tenacity by the debtor, Ulpiano Unanue-Casal, a/k/a Charles Unanue. See, e.g., In re Unanue- Casal, 998 F.2d 28 (1st Cir. 1993); Unanue-Casal v. Unanue- Casal, 898 F.2d 839 (1st Cir. 1990). Although tenacity is to be admired, it is sometimes misplaced. So it is here.
 
 
 2
 We have carefully reviewed the voluminous record and the parties' briefs, and have duly considered the matters raised at oral argument. In the end, we are persuaded that the district court did not err in reversing the bankruptcy court's refusal to lift the automatic stay, 11 U.S.C. Sec. 362. The district court's well-conceived opinion, see In re Unanue Casal, Civ. No. 92-1796 GG (D.P.R. Aug. 3, 1993) (unpublished), adequately elucidates the reasoning that is controlling on the central issue presented by this appeal, and no useful purpose would be served by rehearsing that reasoning. Similarly, we see no basis for a remand to the bankruptcy court for further exploration of this issue. And, finally, appellant's other arguments are mere makeweights.
 
 
 3
 We need go no further. Because this appeal presents no substantial question of law or fact, we summarily affirm the judgment below.[1]
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 We take no view of appellees' claim that the appeal is moot, as the appeal is impuissant in any event