**UNITED BROADCASTING CORPORA-
TION, a Florida corporation, d/b/a
Telemiami Channel, Plaintiff,**

v.

**MIAMI TELE–COMMUNICATIONS,
INC., a Florida corporation,
Defendant.**

No. 91–1021–CIV.

United States District Court,
S.D. Florida.

Dec. 6, 1991.

Lawrence A. Kellogg, Miami, Fla., for plaintiffs.

John T. Kolinski, Miami, Fla., for defendant.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs, filed June 18, 1991, and Motion to Strike Defendant's Notice of Supplementary Authority, filed June 26, 1991.

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge. A Report and Recommendation dated November 6, 1991 has been filed, recommending that the motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) be denied for lack of jurisdiction, that the motion for Rule 11 sanctions be granted, and a hearing be held to determine appropriate sanctions. Both parties have filed motions in opposition. The Court has reviewed the entire file and record herein, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Judge Brown's Report and Recommendation be, and the same is, hereby ADOPTED in its entirety. This case is hereby referred back to Magistrate Judge Brown to conduct a hearing to determine the sanctions to be imposed against the Plaintiff pursuant to Rule 11. Magis-

trate Judge Brown shall then make a Report and Recommendation to this court.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

STEPHEN T. BROWN, United States Magistrate Judge.

This cause is before this court on plaintiff's motions for attorneys' fees and costs filed June 18, 1991 and to strike defendant's notice of supplemental authority filed June 26, 1991, pursuant to an order of reference entered on September 3, 1991, by the Honorable Kenneth L. Ryskamp, United States District Judge, Southern District of Florida.

### FACTS

On May 1, 1991, plaintiff filed a two count complaint in Dade County Circuit Court seeking temporary and permanent injunctive relief and damages due to an alleged breach of a lease agreement requiring Miami TCI to cablecast the plaintiff on channel 40. On May 17, 1991, Miami TCI filed a notice of removal alleging federal court jurisdiction over this matter, and the matter was assigned to the Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida. On May 29, 1991, Judge Ryskamp ordered this case remanded to the state court finding "no basis in the plaintiff's complaint or elsewhere to assert federal jurisdiction at this time."

The plaintiff now seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure.

Defendant filed a memorandum in opposition to the plaintiff's motion and plaintiff filed a reply. On the same date as the reply, defendant filed a "notice of supplemental authority". Plaintiff thereafter filed a motion to strike defendant's notice of supplemental authority and, finally, the defendant filed a memorandum in opposition thereto.

## DISCUSSION—RE: MOTION TO STRIKE

■ Dealing first with plaintiff's motion to strike defendant's notice of supplemental authority, this court is of the opinion that, while plaintiff's motion is technically correct, the subject of this court's jurisdiction to consider plaintiff's motion for attorneys' fees should nonetheless be addressed. It is the opinion of this court that a "notice of supplemental authority" that raises an argument that is not in defendant's previous memorandum in opposition is in fact an attempt at a sur-response, which is not permitted in the absence of court order. See Rule 10(C) of the Local Rules of Procedure.

## DISCUSSION—RE: 28 U.S.C. § 1447(c)

■ 28 U.S.C. § 1447(c), as amended on November 19, 1988, states in pertinent part *"an order remanding* the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal" (Emphasis added).

The plaintiff suggests that the recent Supreme Court case of *Cooter and Gell v. Hartmarx Corporation,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) is authority for this court's jurisdiction to proceed. *Cooter and Gell* covered a question of Rule 11 sanctions where a plaintiff had taken a voluntary dismissal by stipulation pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. However, Rule 41(a) does not have the plain language that appears in subsection (c) of 28 U.S.C. § 1447. Similarly, *Willy v. Coastal Corp.,* 915 F.2d 965 (5th Cir.1990), cited by the plaintiff, deals with the court's jurisdiction to impose Rule 11 sanctions. In *Willy,* the party being sanctioned challenged the court's jurisdiction to impose those sanctions contemporaneous with the order disposing of jurisdiction. It was in response to this argument that the court recognized the authority to impose sanctions even when subject matter jurisdiction does not exist.

In this case, the court chose not to address the issue of expenses in its order to remand, and for good reason. There was

**14**

no motion to remand made by the UBC since the remand in this cause was done *sua sponte.* In fact, in colloquy before Judge Ryskamp, the plaintiff spent far more of its resources attempting to convince the court to consider a temporary restraining order and/or preliminary injunction as opposed to remanding the cause to state court. The issue of attorneys' fees and was never raised.

No case law has been cited by either party addressing the question of jurisdiction *after* 28 U.S.C. § 1447(c) was amended. There are, however, unpublished opinions by United States District Judges dealing with this question. One case allowing an award of attorneys' fees and costs looks into the legislative history of the 1988 amendment and concludes from it that Congress intended to expand rather than limit the authority of the District Court to award these expenses. *M.D.C. Wallcoverings v. State Bank of Woodstock,* 771 F.Supp. 242 (W.D.Ill.1991) The cases holding that the court lacks jurisdiction to award fees and costs look, for the most part, to the plain language of the statute. *See e.g. Faust v. Commonwealth of Pennsylvania Dept. of Revenue,* No. 89–7295, 1990 WL 11674, 1991 U.S. Dist. Lexis 1431 (E.D.Pa. February 8, 1990). This court is of the opinion that the plain language of the statute controls and clearly provides that if the court is going to award costs and expenses, including attorneys' fees pursuant to 28 U.S.C. § 1447(c), it must be taken care of in the order of remand.

## DISCUSSION—RE: RULE 11 SANCTIONS

■ The issue of the court's jurisdiction to award attorneys' fees and costs under Rule 11, however, presents quite a different question. It also involves a different standard. While it should be noted that the award of attorneys' fees and costs is discretionary under 28 U.S.C. § 1447(c), (*may* require payment of just costs etc.), Rule 11 mandates an award of appropriate sanctions if a pleading is filed that has no reasonable legal basis, has no reasonable factual basis *or* is filed for an improper purpose. *See Harris v. Heinrich,* 919 F.2d

1515 (11th Cir.1990). *See* also *DeSisto College, Inc. v. Line,* 888 F.2d 755 (11th Cir. 1989); *Thomas v. Evans,* 880 F.2d 1235 (11th Cir.1989).

It is difficult for this court to look into the defendant's purpose for removal, but a review of the transcripts furnished to this court strongly suggests that Judge Ryskamp was of the opinion that there was no reasonable legal basis for the removal to have occurred. Since the focus of Rule 11 "is to deter baseless filings in district court ..." sanctions under Rule 11 are appropriate. *See Cooter & Gell v. Hartmax Corp.* 496 U.S. 384, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). While *Cooter & Gell,* dealt with a Rule 41(a) dismissal, there is authority for the award of Rule 11 sanctions *subsequent* to an order of remand. See *Unanue–Casal v. Unanue–Casal,* 898 F.2d 839 (1st Cir.1990).

## RECOMMENDATION

It is therefore the recommendation of this court that the motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) be DENIED for lack of jurisdiction. It is further recommended that plaintiff's motion for Rule 11 sanctions be GRANTED and that a hearing be held to determine appropriate sanctions.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

DONE AND ORDERED.