Robert STALLWORTH, Plaintiff–
Appellant,

v.

GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY; David Vegh; and Ronald Tober, Defendants–Appellees.

No. 95–4065.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1996.

Decided Jan. 21, 1997.

---

S. David Worhatch (argued and briefed), Stow, OH, for Plaintiff–Appellant.

Douglas A. Gonda, Cleveland, OH and Cheryl A. Haynes (argued and briefed), Greater Cleveland Regional Transit Authority, Cleveland, OH, for Defendants–Appellees.

Before: BOGGS, NORRIS, and GIBSON,* Circuit Judges.

BOGGS, Circuit Judge.

After prevailing in a motion to remand this removed case to state court, Robert Stallworth moved for an award of attorney fees,[1]

---

\* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. As a threshold matter, we must decide a matter of style and usage. Should we refer to "attorney fees," "attorneys fees," "attorney's fees," or "attorneys' fees?" In federal statutes, rules and cases, we find these forms used interchangeably, nay, promiscuously. There is sometimes no consistency within even the same body of law. *Compare,* for example, Fed.R.Civ.Proc. 16(f) ("attorney's fees") *with* Fed.R.Civ.P. 54(d) ("attorneys' fees"). Statutes providing for the award of payments to lawyers are similarly divided. *Compare* the statute at issue in this case, 28 U.S.C. § 1447(d) ("attorney fees") *with* 42 U.S.C. § 1988, the Civil Rights *Attorney's* Fees Awards Act of 1976 (emphasis added). We acknowledge that even some published opinions of this court have been marked by unexplained inconsistency. *See, e.g., Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1301–02 (6th Cir.1991) ("attorneys fees" and "attorney's fees" in same paragraph.) Although advance sheet versions of Supreme Court opinions appear to be divided (*compare Lane v. Pena,* — U.S. —, —, 116 S.Ct. 2092, 2095 (1996) ("attorney's fees") *with Koon v. United States,* — U.S. —, —, 116 S.Ct. 2035, 2047 (1996) ("attorneys' fees") *with BMW of North America, Inc. v. Gore,* 116 S.Ct. 1589, 1607 (1996) ("attorneys fees") *with Morse v. Republican Party of Virginia,* — U.S. —, —, 116 S.Ct. 1186, 1213 ("attorney fees" in first sentence of paragraph, "attorney's fees" in second sentence of same paragraph)), we are now advised by the Court's Reporter of Decisions that "[t]he Supreme Court Style Manual expressly advises opinion writers to use the phrase 'attorney's fees,' and a survey of the recent bound volumes and preliminary prints of the official United States Reports will confirm that the advice is heeded almost universally in the final versions of opinions." He goes on to state: "Indeed, 'attorney's fees' will be substituted as necessary in the preliminary print versions of each of the cases [cited above]."

We find the following entry and discussion in Bryan A. Garner, A Dictionary of Modern Legal Usage 91 (2d ed. 1995):

**attorney's fees; attorneys' fees; attorney fees.** The first of these now appears to be prevalent. See Attorney's Fee Act, 42 U.S.C. § 1988. The plural possessive *attorneys' fees* is just as good, and some may even prefer that term in contexts in which there is clearly more than one attorney referred to. *Attorney fees* is inelegant but increasingly common. It might be considered a means to avoid having to get the apostrophe right. (But cf. *expert-witness* fees.) *Counsel fees* is another, less-than-common variant.

pursuant to 28 U.S.C. § 1447(c).[2] The district court denied that motion for procedural reasons, based on its interpretation of the remand statute. Stallworth now appeals that denial. Because we disagree with the district court's interpretation, we remand.

## I

Stallworth first sued the Greater Cleveland Regional Transit Authority ("GCRTA") in the United States District Court for the Northern District of Ohio, alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The case was assigned to Judge White as No. 94–CV–2595.

Subsequently, Stallworth sued GCRTA in Cuyahoga County Common Pleas Court, alleging violations of Ohio law that included malicious prosecution, discriminatory practices, wrongful discharge and refusal to hire, promissory estoppel, and negligence. GCRTA timely filed a notice of removal to the United States District Court for the Northern District of Ohio, and the case went to Judge Wells as No. 1:95–CV–1098. In the notice, GCRTA asserted that "each of the claims in both actions [i.e., the case originally filed in federal district court and the case filed in Cuyahoga County court] are so related and are based upon identical facts that federal supplemental jurisdiction is mandated under the provisions of 28 U.S.C. 1367."

Stallworth moved to remand pursuant to § 1447. His motion concluded as follows:

For all the reasons set forth above, plaintiff respectfully requests that this court grant his motion for remand . . . and that this court further require defendants to pay all costs and actual expenses in-

curred by or for plaintiff, including attorney fees, incurred as a result of the removal and plaintiff's efforts to seek remand. Plaintiff reserves the right to supplement the record to provide an accurate accounting of all such fees, costs, and expenses incurred once this court's order for remand is filed of record.

The district court remanded the case on the grounds that there was no basis for original federal jurisdiction in the complaint filed in state court, and that § 1367 did not create an independent basis of jurisdiction. Neither the memorandum of opinion nor the remand order itself mentioned the issue of attorney fees and expenses.

Stallworth apparently did not perceive that order, which did not explicitly act on his request for attorney fees, as a *denial* of fees, and thus he did not appeal that order to this court. Instead, twelve days later, Stallworth applied to the district court for attorney fees and costs. He offered a detailed statement to support a claim for fees of $1,747.50 and costs of $24.68.

GCRTA opposed Stallworth's application for an award of fees. Stallworth replied with another brief in support of his application, at the same time upping his claim by $375 for the two and a half hours his lawyer spent in responding.

The district court issued an "Order Denying Plaintiff's Application for Attorney's Fees and Costs." In its entirety, the order read:

This case is before the Court on Plaintiff's application for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiff's complaint was recently remand-

---

The only form to avoid at all costs is *attorneys fees,* in which the first word is a genitive adjective with the apostrophe wrongly omitted. In line with the form used in the statute we are interpreting, we will use "attorney fees" in this case, except where quoting other authorities.

**2.** 28 U.S.C. 1447 provides in pertinent part (with emphases added):

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order**

**remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.** A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise,** except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

ed to the Cuyahoga County, Ohio Court of Common Pleas because this Court lacked jurisdiction over it. After the order of remand was entered, plaintiff filed his motion for fees and costs.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees as a result of the removal." Under the terms of this statute, any award of fees and expenses must be made in the order of remand. Therefore, plaintiff's motion is untimely. *United Broadcasting Corp. v. Miami Tele–Communications, Inc.,* 140 F.R.D. 12, 14 (S.D.Fla.1991). Moreover, this Court no longer has jurisdiction over this case, and has no power to act. Therefore, plaintiff's motion is denied.

Stallworth timely appealed that order.

## II

■ We first must determine whether this court has jurisdiction to consider this appeal. The jurisdictional issue here arises because of 28 U.S.C. § 1447(d), which provides that "an order remanding a case ... is not reviewable on appeal or otherwise...." GCRTA asserts that because of this language, no appeal can lie to this court of the order denying attorney fees. We disagree.

We could justify our conclusion in a rather hair-splitting fashion by noting that the district court did not deny Stallworth's application for attorney fees in its order remanding the case—the action for which appellate review is proscribed by § 1447(d)—but in a separate order. However, because the decision whether to award attorney fees under § 1447(c) is part of the process of remanding a case, it is more satisfying to consider directly whether that phase of the district court's duties is reviewable.

We note that this court has in the past reviewed the award of attorney fees under § 1447(c), though it did not address the issue of appellate jurisdiction other than implicitly. *See Morris v. Bridgestone/Firestone, Inc.,*

985 F.2d 238 (6th Cir.1993). Other courts have explicitly held that appellate review of remand-related fee awards is proper. The Eleventh Circuit has squarely held (though without discussion) that "Section 1447(d) does not ... exclude the district court's assessment of costs from appellate review." *Fowler v. Safeco Ins. Co.,* 915 F.2d 616, 617 (11th Cir.1990). In *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447 (9th Cir.1992), the court, before reviewing an award of attorney fees for abuse of discretion, grappled with the possible bar of § 1447(d) thusly: "Although this [abuse of discretion] standard will require some consideration of the underlying remand order ... such consideration does not amount to impermissible review of the remand order. After all, on review of the fee award, we are not empowered to reverse the remand order, whether or not it is erroneous."[3] The Fifth Circuit followed *Moore* in *Miranti v. Lee,* 3 F.3d 925, 927–28 (5th Cir.1993), and concluded that, while a remand order itself is not reviewable, "§ 1447(d) does not prohibit review by this court of the order of costs and fees." That was true in part because of Supreme Court holdings, recently reiterated in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990), that the award of "attorney's fees" (like the imposition of other sanctions and costs) is "not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue ...." To review on appeal a district court's determination of an issue merely collateral to remand does not offend § 1447(d). *Miranti,* in turn, has been followed in *LaMotte v. Roundy's, Inc.,* 27 F.3d 314, 315 (7th Cir.1994).

On the authority of these cases, we hold that this court has jurisdiction to review a district court's decision whether to award attorney fees under § 1447(c).

## III

■ Having resolved the question of our own jurisdiction, we now consider whether the district court was correct in holding that

---

**3.** Thus a circuit court might hold: "The district court obviously erred in remanding the case. We can do nothing about that; but we hold that

an award of attorney fees flowing from such error is an abuse of discretion."

it had no jurisdiction, after its order of remand, to consider an application for attorney fees.

The district court cited *United Broadcasting Corp. v. Miami Tele–Communications, Inc.,* 140 F.R.D. 12 (S.D.Fla.1991) to support its holding that it lacked such jurisdiction. In that case, the district court adopted the report and recommendation of a magistrate judge, who concluded that "the plain language of [§ 1447(c)] controls and clearly provides that if the court is going to award costs and expenses, including attorneys' fees . . ., it must be taken care of in the order of remand." *Id.* at 14. GCRTA seeks to buttress the district court's holding with another case, *Faust v. Com. of Pennsylvania Dept. of Revenue,* 1990 WL 11674 (E.D.Pa. Feb. 8, 1990). The court there held:

> It is well-settled that once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. . . . Under [the language of § 1447(c),] the district court may only award attorneys' fees as part of its original order remanding the case to state court, and not thereafter. It follows that any motion for fees must be made in conjunction with the motion to remand, not after the motion to remand has already been decided.

*Id.* at *1.[4]

Stallworth counters with the Ninth Circuit's decision in *Moore,* discussed above. In considering this same issue, the court looked to *Cooter & Gell,* in which

> the Supreme Court held that district courts retain jurisdiction to award attorney's fees pursuant to Rule 11 after a voluntary dismissal of the suit. The Court stated:
>
> > It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent

proceeding[s] supplemental to the original proceeding and not a request for modification of the original decree." Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. . . . Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of the action. Rather, it requires the determination of a collateral issue.

981 F.2d at 445 (quoting, and omitting citations in *Cooter & Gell,* 496 U.S. at 395–96, 110 S.Ct. at 2455–56). *Moore* also cited *Willy v. Coastal Corp.,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), in which the Supreme Court affirmed the district court's award of Rule 11 attorney fees following remand, as compared to the award after voluntary dismissal in *Cooter & Gell. Moore,* 981 F.2d at 445. Consequently, the Ninth Circuit held in *Moore* that "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand. The district court retained jurisdiction after the remand to entertain Plaintiff's motion for attorney's fees." *Ibid.*

In *United Broadcasting,* the court considered the thrust of *Cooter & Gell,* but distinguished it by reasoning that the voluntary dismissal in the latter case occurred under Rule 41(a), which "does not have the plain language that appears in subsection (c) of 28 U.S.C. § 1447." 140 F.R.D. at 13. We simply do not read the "plain language" of § 1447(c) in the same way as did the courts in *United Broadcasting* and *Faust:* that an award has to occur in the very same order remanding the case, or not at all. Indeed, the language of the statute—"an order remanding the case may require payment of . . . attorney fees"—is enabling, but does not purport to be exclusive. If the order does not include an award of attorney fees, there is nothing in the statute to suggest that there cannot be a supplemental or amended order. That there could be additional orders is consistent with the continued jurisdiction of the

---

**4.** An obvious distinction between this observation and the case at bar is that Stallworth did include

a motion for fees, albeit an incomplete one, in his motion to remand.

district court to consider collateral matters after remand, as endorsed in *Willy.*

We find *Moore* to be persuasive, and join it in holding that a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order.

### IV

The district court also held that Stallworth's post-remand application was by definition untimely because it came after the order in which an award of fees (so the court thought) must be made. We have rejected that premise, so the court's conclusion as to untimeliness also falls.

■■■ The court did not discuss the fact that Stallworth included a request for attorney fees and costs in his motion for remand. Even in the absence of our holding about the jurisdiction of the court to make a post-remand award of attorney fees, we could have held that the inclusion of a generalized (though unspecified as to amount) request for attorney fees in the remand motion was a timely request. We note that we find no requirement that a motion for attorney fees and costs, to be timely, must *precede* the district court's order of remand. We agree with Stallworth that the proper timeliness requirement for a motion for attorney fees in connection with remand [5] is found in FED. R.Civ.P. 54(d)(2)(B), which states that "[u]n-

less otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment." [6] The language of § 1447(c) imposes no timeliness rule of its own, nor is there an applicable Sixth Circuit rule. District courts, however, "remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *See White v. New Hampshire Dep't of Employment Security,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982).

### V

GCRTA, alternatively to its arguments that neither we nor the district court had jurisdiction for our respective tasks, would like for us to treat the district court's order as a de facto exercise of the court's discretion not to award attorney fees and costs, and review it accordingly. GCRTA notes that we would then review the order only for abuse of discretion, and argues that we should affirm the order under that lenient standard of review. Stallworth argues that because the district court chose not to exercise its discretion, we can hardly apply the abuse of discretion standard. But he would also like for us to reach the merits, review the matter de novo, and—because he argues that removal was plainly unjustified—rule in his favor.

■■■ Judicial economy tempts us to assume the power of making a final disposition, espe-

---

**5.** Motions for attorney fees under other statutes may have their own timeliness requirements. For example, absent a local rule, the only time bar for a post-judgment request for attorney fees under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act, appears to be the discretion of the district court. *See White v. New Hampshire Dep't of Employment Security,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1167–68, 71 L.Ed.2d 325 (1982). In that case, the Court held that a post-judgment request for fees under that statute is not restricted to the ten-day window for a motion to alter and amend a judgment found in FED.R.CIV.P. 59(e). In a concurrence, Justice Blackmun urged that the holding also be construed to reach Rules 54(d) and 58. *Id.* at 455, 102 S.Ct. at 1168. The holding in *White* does not suggest that in the context of remand-related attorney fees a short window for timely application is inappropriate. In civil rights actions, as the Court noted, "many final orders may issue in the course of the litigation," and it may be difficult to discern what is a "final judgment." If

counsel were required to apply for fees within a short time of each order of the court or risk forfeiting fees, "lawyers predictably would respond by entering fee motions in connection with every interim ruling." *Id.* at 453, 102 S.Ct. at 1167. There is no such difficulty with a remand order, which is singular and unmistakable. In *White,* the Court further reasoned that "[t]he 10-day limit of Rule 59(e) also could deprive counsel of the time necessary to negotiate private settlements of fee questions." That concern is not pertinent here, because such negotiations will ordinarily take place when the underlying action originally brought in state court is ultimately disposed of, not at the time of remand.

**6.** GCRTA argues that Rule 54 is irrelevant, because it confines itself, by the definition in subsection (a), to judgments from which an appeal lies, and that no appeal lies because of § 1447(d). The conclusion reached *supra* at 256 as to the reviewability of collateral matters disposes of that objection.

cially where the amount of money at issue is less than is likely to be expended in further proceedings. Nonetheless, § 1447(c) assigns the district court the discretion whether to award attorney fees and costs. We believe the district court should exercise that discretion in the first instance, subject to our review for abuse. Accordingly, we REVERSE the district court's judgment, and REMAND this case to the district court to consider Stallworth's application for attorney fees on its merits.