**Oliver "Jack" WATSON, Plaintiff,**

v.

**CHARLESTON HOUSING AUTHORITY, John or Jane Doe, and Zelma Boggess, Executive Director, Charleston Housing Authority Defendants.**

**No. CIV. A. 2:99–0908.**

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 7, 2000.

Roger D. Forman, Forman & Crane, Charleston, WV, for plaintiff.

Charles R. Bailey and Lisa J. Bray, Shuman, Annand, Bailey, Wyant & Earles, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's Motion for Attorney's Fees. For reasons that follow, the motion is **GRANTED.**

### I. FACTUAL BACKGROUND

On September 14, 1999 Plaintiff filed a civil action in the Circuit Court of Kanawha County, West Virginia. At the time, Plaintiff was a resident of Orchard Manor public housing project in Charleston, West Virginia and President of the Orchard Manor Resident Management Corporation. The Complaint alleged (1) that Defendants failed to consult him and his organization before demolishing Orchard Manor; (2) that Defendants submitted a fraudulent application to the United States Department of Housing and Urban Development ("HUD"), which included false minutes of a meeting that Watson did not attend; and (3) that Defendants submitted to HUD a false letter on which Watson's signature was forged. Defendants removed the action on October 12, 1999. Plaintiff then moved to remand to state court.

■ By Memorandum Opinion and Remand Order entered December 29, 1999 this Court determined that Plaintiff's cause of action did not involve an interpretation of federal law as an essential element of his claims. *See Watson v. Charleston Hous. Auth.*, No. 2:99–CV–0908 (S.D.W.Va. Dec. 29, 1999). Accordingly, the Court concluded it lacked subject matter jurisdiction and remanded the case to the Circuit Court of Kanawha County. *See id.* Nine days later Plaintiff moved for attorney's fees.[1]

### II. DISCUSSION

Section 1447(c) of Title 28 provides, "An order remanding the case may require

---

1. Plaintiff's motion was filed timely. *See* Fed R. Civ. P. 54(d)(2)(B) (stating a motion for attorney's fees must be filed no later than 14 days after entry of judgment). Although there was no judgment in this case, the Court considers the Remand Order to be equivalent to a judgment for the purpose of *Rule* 54(d)(2)(B).

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendants argue the Court lacks jurisdiction to award costs and expenses after it has remanded the underlying action to state court. The Court disagrees.

■ Every circuit court of appeal that has considered this issue has concluded that a district court may award fees and costs after the case has been remanded to state court. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir.1997) ("[A]fter issuing an order of remand, [a district court] may make an award of attorney fees and costs in a separate order."); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257 (3rd Cir. 1996) ("We agree with the district court that it did not lose jurisdiction to award fees and costs when the clerk of the district court mailed a certified copy of the order of remand to the clerk of the Superior Court."); *Moore v. Permanente Med. Group*, 981 F.2d 443, 445 (9th Cir.1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."). A court maintains the jurisdiction to enter an award of fees and costs under 1447(c) after remand because the issue of fees and costs is a collateral to the merits of the underlying action. *See Stallworth*, 105 F.3d at 256; *Mints*, 99 F.3d at 1257–58; *Moore*, 981 F.2d at 445. This view is advanced by the decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In that case, the Supreme Court held that a district court could impose monetary sanctions on a plaintiff even after the plaintiff had voluntarily dismissed the action. The Court explained:

It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. See 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees.

*Cooter*, 496 U.S. at 395–96, 110 S.Ct. 2447 (citations omitted). Because the issue of fees and costs is collateral, a court still has authority to decide the issue after the underlying action has been remanded. *See Stallworth*, 105 F.3d at 256; *Mints*, 99 F.3d at 1257–58; *Moore*, 981 F.2d at 445.[2] Moreover, awarding fees and costs does not interfere with the underlying state proceeding in remand situations. *See Mints*, 99 F.3d at 1257–58. In short, the analysis in *Cooter* is applicable, as well, to costs and expenses assessable under 28 U.S.C. § 1447(c).

Defendants argue that *In re Lowe*, 102 F.3d 731 (4th Cir.1996), prohibits an award of fees and costs after the underlying action has been remanded. In that case, the plaintiff filed suit in state court, alleging that the defendants wrongfully discharged her. The defendants removed to federal court. The plaintiff moved to remand, and a magistrate judge granted the plaintiff's motion. The case was then remanded to state court. After the remand order was entered, defendants moved to reconsider the remand order before a different magis-

---

**2.** Were the Court to lose jurisdiction after the case was remanded, § 1447 would work an unfair result in some situations. The removal statute contemplates *sua sponte* remand. 28 U.S.C. § 1447(c) ("If any time before final judgment it appears that the Court lacks subject matter jurisdiction, the case shall be re-

manded."). If Defendants' argument were accepted, when a Court *sua sponte* remanding a case to state court failed to address the issue of fees and costs, the plaintiff would be denied the opportunity to petition the court for fees and costs. *See Mints*, 99 F.3d at 1258–59.

trate judge. The second magistrate judge then denied the plaintiff's initial motion for remand. The plaintiff petitioned the court of appeals for a writ of mandamus, asking that the case be sent back to state court. *Lowe,* 102 F.3d at 732–33.

The Fourth Circuit granted the writ. The court held, pursuant to 28 U.S.C. § 1447(d), the district court lacked jurisdiction to reconsider the remand order. The court explained, "The entry of the remand order divested the federal court of jurisdiction . . . ." *Lowe,* 102 F.3d at 731. However, *Lowe* is readily distinguishable from this case. In *Lowe,* the defendants sought review of the *merits* of the remand order. Under § 1447(d), remand orders normally are not reviewable. *But see Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343–44, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Here, Plaintiff seeks attorney's fees under § 1447(c). Because the issue of fees and costs is a collateral matter, the Court's jurisdiction to award fees and costs is not inexorably tied to the underlying action.[3] The Court **FINDS** and **CONCLUDES** that it retains jurisdiction to award fees and costs after the underlying action has been remanded to state court.

■■■ The decision whether to award fees and costs under 28 U.S.C. § 1447(c) is discretionary. *See, e.g., Gibson v. Tinkey,* 822 F.Supp. 347, 348 (S.D.W.Va.1993). Since the amendment of § 1447(c) in 1988,[4] the trend has been to award fees and costs without reference to a state of mind. *Id.* Bad faith is not necessary to support an award of fees and costs under § 1447(c). *Lowe,* 102 F.3d at 733 n. 2 ("[B]ad faith is

not a prerequisite to an award of attorney's fees under § 1447(c) . . . ."). The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal. *See Liebig v. De-Joy,* 814 F.Supp. 1074, 1077 (M.D.Fla. 1993).

■■■ Here it was clear from Plaintiff's complaint that he alleged no federal cause of action. The Court **FINDS** and **CONCLUDES** that an award of attorney's fees is therefore appropriate. Plaintiff has submitted an accounting of the time Plaintiff's counsel spent seeking remand. Plaintiff's counsel spent four hours drafting the motion for remand, accumulating a total of $600.00 in attorney's fees. The Court finds this to be a reasonable fee.

### III. CONCLUSION

Plaintiff's Motion for Award of Attorney's Fees is **GRANTED**. Accordingly, the Court **ORDERS** Defendants, within ten days, to reimburse Plaintiff the sum of $600.00 in attorney's fees incurred in responding to Defendants' improper removal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

3. The Court notes that the issue of fees was discussed in *Lowe. See Lowe,* 102 F.3d at 733 n. 2. In a footnote, the Court assumed, without deciding, that the *Court of Appeals* had jurisdiction under § 1447(c) to award fees and costs. *See id.* ("Even if § 1447(c) empowered us to require the district court to award fees at this juncture, we would decline to do so."). However, *Lowe* dealt with the issue of fees and costs awarded by an appellate court that had jurisdiction over an underlying writ of mandamus. Thus, *Lowe* is not

analogous, and the dicta provides no guidance for the issue before this Court.

4. Previously, the statute provided that a district court could award fees and costs if the case was "removed improvidently and without jurisdiction." *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). After the 1988 amendment, the reference to "improvident" removal was deleted. *Id.*