John HAYMOND, Haymond
Napoli Diamond, P.C.,

v.

Marvin LUNDY,

v.

John HAYMOND, Robert Hochberg,
Haymond Napoli Diamond, P.C.

No. CIV.A. 99–5048.

United States District Court,
E.D. Pennsylvania.

March 18, 2002.

Peter J. Hoffman, McKissock & Hoffman, P.C., Philadelphia, PA, M. Melvin

Shralow, White And Williams, Philadelphia, PA, Judah I. Labovitz, Deborah H. Bjornstad, Mann Ungar Spector & Labovitz, Philadelphia, PA, Geoffrey Hazard, Swarthmore, PA, for Haymond Napoli & Diamond, John Haymond, plaintiffs.

Judah I. Labovitz, Mann Ungar Spector & Labovitz, Philadelphia, PA, Geoffrey Hazard, Swarthmore, PA, for Scott E. Diamond, defendant.

Martin Heller, Special Master, Philadelphia, PA, pro se.

Timothy Burke, McKissock & Hoffman, P.C., Philadelphia, PA, for David Easterly, movant.

Howard M. Klein, William J. O'Brien, Conrad, O'Brien, Gellman & Rohn, P.C., Philadelphia, PA, for Robert Hochberg, movant.

Jack J. Bernstein, Hochberg, Napoli, Diamond, Philadelphia, PA, for Jack Bernstein, David Berman, movants.

Robert C. Daniels, Robert C. Daniels, Ltd., Philadelphia, PA, for Donald F. Manchel, movant.

## MEMORANDUM AND ORDER

SHAPIRO, Senior District Judge.

Marvin Lundy ("Lundy"), bringing a counterclaim against Robert Hochberg ("Hochberg"), alleged that Hochberg had engaged in the unauthorized practice of law. On August 31, 2001, Hochberg was permanently enjoined from practicing law, or holding himself out to practice law, in this Commonwealth. *Haymond v. Lundy,* 174 F.Supp.2d 269 (E.D.Pa.2001) ("Injunction Opinion"). Hochberg's motion for post-trial relief was denied. *Haymond v. Lundy,* 2002 WL 7927, 2002 U.S. Dist. LEXIS 4 (E.D.Pa. Jan.2, 2002) ("Post Trial Opinion").

Lundy has filed an amended petition for "Costs and Expenses Incurred, Including Reasonable Attorneys' Fees." [1] This memorandum addresses the fee petition.

The facts and procedural history of this action may be found in previous opinions: *Haymond v. Lundy*, 177 F.Supp.2d 371, 373–77 (E.D.Pa.2001); Injunction Opinion, 1–13; and *Haymond v. Lundy*, No. 99–

1. The court denied Lundy's original attorney's fees petition without prejudice because there was insufficient documentation. *Order*, November 21, 2001, ¶ 2 (# 336). Lundy then submitted an amended attorney's fees petition (# 339).

2. The court must first decide a threshold issue of style. Is Lundy's petition best read as a request for: (1) an "attorney fee;" or his (2) "attorney fees;" (3)"attorney's fee;" (4) "attorney's fees;" (5) "attorneys fee;" (6) "attorneys fees;" (7) "attorneys' fee;" (8) "attorneys' fees;" (9) "counsel fee;" (10) "counsel's fees;" (11) "counsels' fee;" or (12) "counsels' fees?" In this district, the issue is one of first impression, not yet resolved by the Court of Appeals, but addressed by several other courts. *See Hobbs v. Blue Cross Blue Shield*, 276 F.3d 1236, 1239 n. 2 (11th Cir.2001) (holding "attorney's fees" is proper use, except when quoting other inconsistent authorities); *but see Ridder v. City of Springfield*, 109 F.3d 288, 290 n. 1 (6th Cir.1997) (surveying the "landscape" and adopting "attorney fees" as an acceptable, though possibly "inelegant" form); *Stallworth v. Greater Cleveland Regional Transit Auth.*, 105 F.3d 252, 254 n. 1 (6th Cir.1997) (discussing conflicting authorities, and adopting use of "attorney fees"); *see also Walker v. Bain*, 65 F.Supp.2d 591, 596 n. 2 (E.D.Mich.1999)(following *Stallworth* in using "attorney fees").

The Supreme Court's Style Manual counsels using "attorney's fees," but is applied inconsistently. *Compare Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 1838, 149 L.Ed.2d 855 (2001) (attorney's fees); *Anderson v. Johnson*, 530 U.S. 1269, 120 S.Ct. 2737, 147 L.Ed.2d 997 (2000) (denying petition for certiorari and petition for "attorneys fees"); *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 120 S.Ct. 693, 711, 145 L.Ed.2d 610 (2000) ("attorneys' fees"). Neither do

5015 & 99–5048, 2000 WL 804432, *1–4, 2000 U.S. Dist. LEXIS 8585, *2–12 (E.D.Pa. June 22, 2000).

## I. *Discussion*

### A. Award of Attorney's Fees under 42 Pa.C.S.A. § 2524(c)[2]

42 Pa.C.S.A. § 2524(c) provides:

Court of Appeals recent decisions show a clear trend. *Compare Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 349 (3d Cir.2001) ("attorney's fees"); *Foley v. IBEW Local Union 98 Pension Fund*, 271 F.3d 551, 552 (3d Cir.2001) ("attorneys' fees"); *Zucker v. Westinghouse Elec. Corp.*, 265 F.3d 171, 172–177 (3d Cir.2001) (using, alternately, "attorney's fees," "attorneys fees," "counsel fees," and "attorney's fee"). Finally, this court has in the past used each of the variants discussed above, and also referred to a "plaintiff's fee petition." *John T. v. Delaware County Intermediate Unit, et al.*, 2001 WL 1391500, *6 (E.D.Pa. Nov.7, 2001)(Shapiro, J.).

Courts are struggling with the tension between the dual possessives (the client has counsel, and the counsel is owed a fee) on one hand and the possibility that in each action there will be many lawyers but one law firm representing each client. Some commentators would permit any use except "attorneys fees," in which "the first word is a genetive adjective with the apostrophe wrongly omitted." Bryan A. Garner, *A Dictionary of Modern Legal Usage*, 75 (1st Ed.1987) (noting most common form is "attorney's fees").

It is possible to decide on a preferred style in general, but to vary that style depending on the statutory basis for the fee in question. *See Ridder*, 109 F.3d 288, 290 n. 1 (discussing differences between statutes). The statute in question here, 42 Pa.C.S.A. § 2524, allows the award of "reasonable attorney fees." However, it would waste judicial resources, and no doubt contribute to the growing confusion on this issue, to vary style based on the statute authorizing the fee award.

A second possibility would be to vary style depending on the fee petition at issue. Lundy asks for the award of his "attorneys' fees." Hochberg, responding to Lundy's fee petition, relies on the statute, by arguing that it is inappropriate to award "attorney fees." Giv-

Injunction—In addition to criminal prosecution, unauthorized practice of law may be enjoined in any county court of common pleas having jurisdiction over the defendant. The party obtaining such an injunction may be awarded costs incurred, including reasonable attorney fees, against the enjoined party. A violation of subsection (a) is also a violation of the act of December 17, 1968 known as the Unfair Trade Practices and Consumer Protection Act.

■ Lundy contends that "may" award fees means "shall" award fees because 42 Pa.C.S.A. § 2524(c) "expressly incorporates" the Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201–9.2 (1996) ("UTP"). That act, he argues, has been interpreted to require fees. However, the UTP was not incorporated into 42 Pa.C.S.A. § 2524(c): rather, violation of 42 Pa.C.S.A. § 2524(c) is also a violation of the UTP. This does not mean that a claim brought under 42 Pa.C.S.A. § 2524 is a claim brought under the UTP. The unauthorized practice of law statute authorizes the *discretionary* award of costs, including attorney's fees to a plaintiff successful in obtaining an injunction.

■ Hochberg argues that Lundy should be denied attorney's fees because: (1) no plaintiff has been awarded attorney's fees under the statute; (2) Lundy does not fall within the class the statute

was designed to protect; and (3) Lundy's hands are unclean.

Hochberg claims Lundy would be the first plaintiff to receive attorney's fees under the 42 C.S.A. § 2524(c). But he has not demonstrated that anyone has petitioned for attorney's fees, or been denied them. The absence of previous attorney's fees awards does not preclude Lundy's petition.

■ The purpose of 42 Pa.C.S.A. § 2524 is to protect the public interest in competent legal representation. *See Stone v. Kasuba (In re Stone)*, 166 B.R. 269, 274 (Bankr.W.D.Pa.1994) In 1996, the legislature created a private right of action to allow consumers to enforce the statute directly. *See* Pa. Legis. J.—House, June 26, 1996, at 1798 (statement of Representative Feese analogizing the bill to the UPT); 42 Pa.C.S.A. § 2524(c). The fee shifting portion of the amendment encourages citizens to enforce the statute by adding financial incentives for doing so.

■ Hochberg argues that the statute may to be used only by government officials and innocent lay-people, not lawyers. The statutory text and the case authority do not provide any support for this argument.[3] The plain language of the statute permits any party obtaining an injunction to seek attorney's fees.

■ The court will exercise its discretion to award Lundy reasonable attorney's

en the need for uniformity, it is inadvisable to conform the court's style to counsel's (or counsels') practice.

A third possibility is to adopt a uniform style, except for direct quotations. As between "attorney," "attorney's," "attorneys'," "attorneys," "counsel," "counsel's" and "counsels'," the best choice is "attorney's;" it accurately and simply captures the relationship between a client and his or her attorney (whether an individual or a firm). As between "fee" and "fees," the better choice in the abstract would be "fee." However, it is

now common practice to refer to "fees," and the court will defer to this practice.

In this and all subsequent opinions, unless and until the Court of Appeals suggests to the contrary, this court will follow the Supreme Court style manual by using "attorney's fees" to denote those sums now under consideration. Any other usages will be simple typographical errors.

3. There would be an interesting equal protection problem were enforcement limited to non-lawyers.

fees and costs under the statute. Awarding fees (even if not the full amount Lundy claims) furthers the purposes of 42 Pa. C.S.A. § 2524 by encouraging others to act to enjoin unauthorized practice in the Commonwealth. If, as Hochberg argues, unauthorized practice is common, *see Post–Trial Opinion*, at 11, awarding fees to Lundy is particularly necessary to serve the legislative intent to protect consumers.

■ Second, Hochberg argues that because Lundy knew of his unauthorized practice, and permitted the unauthorized practice of other associates of Haymond and Lundy prior to the law firm's dissolution, he should be prevented from recovering attorney's fees by the equitable doctrine of "unclean hands". The court has already declined to apply "unclean hands" to prevent Lundy from bringing this action. *See, e.g., Post–Trial Opinion*, at 11–12. However, Lundy had constructive knowledge of Hochberg's disbarment, and his unauthorized practice, from the very beginning of the law partnership. *See Haymond v. Lundy*, 2000 WL 804432, \*3 n. 2, 2000 U.S. Dist. LEXIS 8585, \*8 n. 2 (E.D.Pa. June 22, 2000) (knowledge imputed to Lundy from his attorney). Hochberg should not benefit by Lundy's sanction of unauthorized practice: he must be enjoined from practice in this Commonwealth. But neither should Lundy receive a reward for aiding and abetting in the unauthorized practice of law. The court will discount Lundy's fee by an appropriate amount for his unclean hands when awarding "reasonable" attorney's fees. But Lundy, as a prevailing party, is entitled to some attorney's fees under 42 Pa. C.S.A. § 2524(c).

## B. Amount of Award

■ Since Lundy is entitled to fees under 42 Pa.C.S.A. § 2524, the court must determine a reasonable award. Although the award is authorized by a state law rather than federal statute, the court, although not obliged to do so, will follow the methodology approved by the Supreme Court for awards of attorney's fees in federal civil rights actions. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The district court retains a great deal of discretion" in determining the award. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989). For example, the court may exclude hours not reasonably expended, that is, hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990). If only partial success has been achieved, the fee request should be reduced for claims or issues on which the party did not prevail. *See Hensley*, 461 U.S. at 436, 103 S.Ct. 1933. This may be true even if the claims are interrelated and non-frivolous claims are made. *See Rode*, 892 F.2d at 1183.

■ In determining a reasonable fee, the calculation begins with the "lodestar:" the reasonable hourly rate multiplied by the number of hours reasonably expended. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Plaintiffs must submit verified itemization of the hours worked at the rates claimed. *Id.* at 433, 103 S.Ct. 1933. The defendant, if opposing the fee award, has the burden of challenging the reasonableness of the requested fee. *See Rode*, 892 F.2d at 1183.

### 1. *Reasonable Hourly Rate*

■ Hourly rates must be "in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). *See also Smith v. Philadelphia*

*Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). The prevailing market rate is usually deemed reasonable. *See Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995). A reasonable rate is one which will attract adequate counsel but will not produce a windfall to the attorneys. *Id.*

█ Mr. Rosen's rate of $425/hr, Mr. Epstein's rate of $325/hr, and Ms. Abrams rate of $235/hr, are reasonable and customary for lawyers of their reputation and experience. The paralegal rates of $100/hr for Jamie Moses, $90/hr for Rachel Hanoufa, are sufficiently supported, and are reasonable by current standards. The rate charged by Rocco Colantuono is unsupported. Rocco Colantuono's time will not be included in the lodestar.

### 2. *Hours Reasonably Expended*

█ Excessive, redundant, or otherwise unnecessary hours should be excluded from the fees awarded. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. Where a plaintiff does not prevail on a claim which is distinct from his successful claim, the hours spent on the unsuccessful claim should not be included in the lodestar calculation. *Id.* at 434, 103 S.Ct. 1933.

█ The fee petition includes 56 hours of time billed by Paul Rosen for his attendance at the breach of contract trial,[4] at which his client lost a jury verdict. This time can not be considered part of the lodestar. Second, Lundy claims time spent in proceedings before a Connecticut state court. This time (9 hours for Paul Rosen, Esq., and 10 hours for Jamie Moses, a paralegal) is disallowed because it is not reasonably related to the 42 Pa.C.S.A. § 2524 claim allowing the fee award. Fi-

nally, time spent by Paul Rosen to defend the alleged unauthorized practice of law by Bruce Thall (4.5 hours) is disallowed for the same reason.

The hours reasonably expended on the state unauthorized practice claim are:

| Paul Rosen | 96.50 |
| Alan Epstein | 20.85 |
| Nancy Abrams | 00.30 |
| Jamie Moses | 69.30 |
| Rachel K. Hanoufa | 02.30 |

The lodestar is:

| Name | Reasonable Hours | Rate | Total |
| --- | --- | --- | --- |
| Paul Rosen | 96.50 | $425 | $41,012.50 |
| Alan Epstein | 20.85 | $325 | $6,776.25 |
| Nancy Abrams | .3 | $235 | $70.5 |
| Jamie Moses | 69.30 | $100 | $6930 |
| Rachel K. Hanoufa | 2.3 | $ 90 | $207 |
| | 189.25 | | $54,996.25 |

### C. Adjustments to the Lodestar

The lodestar calculation does not complete the fee inquiry. Other considerations may lead the court to adjust the fee upward or downward. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

█ A court may consider the relief awarded as compared to that requested as one measure of how successful the plaintiff was. *See Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir.1996). This success, or lack thereof, may be taken into consideration when awarding fees. *Id.*

█ Lundy prevailed on his counterclaim, in part, but the court denied his attempt to include claims under the UTP, *see Haymond v. Lundy*, 2001 WL 15956, *8, 2001 U.S. Dist. LEXIS 54, *25 (E.D.Pa. Jan.5, 2001), and rejected his attempt have the court apply the Pennsylva-

---

**4.** The Petition bills for 104 hours before February 21, 2001, but cuts these hours in two. Of those 104 hours, 56 may not be awarded at all. The remaining 48 hours are divided in two, as the petition requests.

nia disciplinary rules and procedures to Hochberg, *see* Injunction Opinion, at 15, although his attorneys spent a great deal of time in this attempt.

The result obtained (a more limited injunction against Hochberg · then Lundy sought) is not reasonably related to the hours expended. *See Hensley,* 461 U.S. at 436, 103 S.Ct. 1933. Lundy's attorneys have consistently overlitigated all disputes in this action. Lundy's fee petition does not separate those hours spent in pursuit of motions to compel or vexatious correspondence with other counsel. The court will reduce the overall award by thirty percent (30%) to account for excessive litigation and limited results obtained.

To account for Lundy's unclean hands, the Court will exercise its discretion and reduce the overall award by another ten percent (10%).

The adjusted lodestar is $54,996.25 multiplied by .60 = **$32,997.75**

### D. Costs and Expenses

#### 1. *Expert Fees*

Lundy is entitled to reasonable expert witness fees. 42 Pa.C.S.A. § 2524(c) allows expenses to be awarded to the prevailing party. There is nothing in the statutory language or history suggesting expert witness fees should not be included in these expenses. *Cf. West Virginia Univ. Hosps. v. Casey,* 499 U.S. 83, 88, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) (28 U.S.C. § 1988 provides only for "a reasonable attorney's fee as part of the costs" and does not permit the award of expert fees to a prevailing party). In *Hines v. Chrysler Corp.,* 971 F.Supp. 212 (E.D.Pa. 1997), the court held that a "costs and expenses" provision similar to that of 42 Pa.C.S.A. § 2524 permitted an award of expert fees. The reasoning of *Hines* is especially persuasive here, where the testi-

mony of the Honorable Arlin Adams (ret.) was particularly helpful to the court's determination of the ethical and legal issues involved. *See Injunction Opinion,* at 13. A discretionary award of some expert witness fees is appropriate. ·

#### 2. *Costs*

Lundy claims $21,512.99 in costs. Lundy will be entitled to some of the costs he claims if he submits an amended petition for costs itemizing claimed expenses for duplicating, research and travel and including all claims for costs due in one petition.

The court will comply with the practice of the Clerk of Court by only awarding costs for deposition transcripts reasonably necessary to the results obtained. *In re Kulicke & Soffa Industries, Inc. Sec. Litigation,* 747 F.Supp. 1136 (E.D.Pa.1990).

After Lundy submits an amended petition for costs, and Hochberg has an opportunity to object, the amount of costs and expert expenses will be awarded by separate order.

### II. *Conclusions of Law*

1. Lundy obtained an injunction under 42 Pa.C.S.A. § 2524.

2. The court has discretion to award Lundy his reasonable attorney's fees and costs under 42 Pa.C.S.A. § 2524(c), and will do so to encourage greater consumer protection.

3. After considering Lundy's attorney's fees petition, the court has calculated the reasonable hours spent by Lundy's attorneys times their reasonable hourly rate. This lodestar is $54,996.25. The adjusted lodestar, with appropriate deductions for Lundy's unclean hands and his attorney's over-litigating in view of the results obtained, is $32,997.97.

4. A successful litigant under 42 Pa. C.S.A. § 2524(c) may be awarded expenses for expert testimony necessary to the litigation. The amount of expenses awarded will be determined after Lundy submits an amended petition for costs.

### *ORDER*

AND NOW, this 18th day of March, 2002, on consideration of Marvin Lundy's ("Lundy") "Petition for Costs and Expenses Incurred, Including Reasonable Attorneys' Fees" (# 339), Robert Hochberg's ("Hochberg") response thereto (# 347), and for the reasons given in the foregoing memorandum, it is **ORDERED** that:

1. Lundy's "Petition for Costs and Expenses Incurred, Including Reasonable Attorneys' Fees" (# 339), is **GRANTED IN PART**. Hochberg shall pay Lundy's counsel $32,997.97 in attorney's fees.

2. Paragraph One (1) of this Order is **STAYED** pending resolution of Hochberg's appeal. Within ten (10) days of a mandate affirming the court's Injunction, Hochberg shall pay Lundy's counsel the sums detailed in paragraph one.

3. Lundy, consistent with the foregoing memorandum, may submit an amended petition for costs **on or before *MARCH 27, 2002.***