**WASHINGTON MUTUAL BANK, F.A., etc., Plaintiff,**

v.

**Chad F. CATUARA, Defendant.**

**No. 04 C 2105.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 8, 2004.

Chad F. Catuara, Midlothian, IL, pro se.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

On March 19, 2004 Chad Catuara ("Catuara") submitted a pro se Notice of Removal ("Notice") in an effort to bring a mortgage foreclosure action, in which Catuara has been the mortgagor defendant and Washington Mutual Bank, F.A. ("Bank") has been the mortgagee plaintiff, from the Circuit Court of Cook County to this District Court under the claimed auspices of Fed. R. Bankr.P. ("Bankr.R.") 9027(a)(1). Although this Court attempts to adhere religiously to the teaching of our Court of Appeals that "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged" (*Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986)),[1] in this instance it considered that it should first determine whether Catuara had really entered the door of the federal courthouse at all before any potential jurisdictional issues were addressed. So immediately after the Notice had been docketed and then delivered to this Court's chambers, it issued a March 26 memorandum order asking Catuara to provide further information as to his claimed entitlement to in forma pauperis status.[2]

But in the interim Bank has properly jumped in with a motion, noticed for presentment today, that correctly points to the fatal jurisdictional flaw in Catuara's attempt to bring the foreclosure action to this District Court. Before that issue is examined, however, a few words are in order as to what Bank labels as another asserted defect that may or may not be correct. In that respect Bank urges that the Notice and its accompaniments should have been physically filed in the Bankruptcy Court's Clerk's Office rather than in the District Court Clerk's Office. To that end Bank calls attention to (1) the Bankr.R. 9027(a)(1) requirement for filing of a notice of removal "with the clerk for the district and division within which is located the state or federal court where the civil action is pending" and (2) to the Bankr.R. 9001(3) definition:

> "Clerk" means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court.

If Bank's contention in that regard were to be considered on the merits, it would seem necessary to look into just how it was that pro se litigant Catuara came to file the papers where he did: for example, whether or not that represented a conscious choice (let alone an informed choice) on his part. And even if the inquiry in that respect were to prove adverse to Catuara, it would still have to be determined whether the filing error is curable, rather than triggering the punishment of a remand that would otherwise be inappropriate—an inquiry that might be informed by the *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) directive that courts are to look at filings of pro se litigants through a generous lens.

■ But in this instance there is no need to explore the subject at all, for a patent lack of subject matter jurisdiction mandates remand in any event. Notice ¶ 2

---

**1.** That adherence frequently results in the swift issuance of sua sponte opinions that dismiss newly filed actions over which federal jurisdiction is clearly lacking, as for example where a lawsuit is assertedly predicated on diversity jurisdiction but the complaint directly negates the existence of the required total diversity.

**2.** Catuara had not paid the $150 filing fee, and he had accompanied the Notice, together with its extraordinarily bulky exhibits as required by Bankr.R. 9027, with an In Forma Pauperis Application and Financial Affidavit ("Application"). As the March 26 order reflected, the Application was insufficiently informative on that score.

succinctly describes the premise on which Catuara seeks access to this federal court:

> This action is a core proceeding to determine the validity of an alleged lien regarding the Debtor's estate, pursuant 28 USC 157(a)(2)(K).

And on that score Catuara is unquestionably attempting to attack Bank's Judgment of Foreclosure and Sale entered July 30, 2003 in the Circuit Court's Chancery Division (a document included in Catuara's thick set of exhibits and bearing Bates Nos. C00473–77), in which the Chancery Court expressly found (Judgment ¶ 10, at Bates No. C00475):

> That the Mortgage heretofore described in Paragraph 2 is a good, valid and subsisting first lien on the real estate therein and hereinbefore described.

That attempt by Catuara to get lower federal court review of the final judgment by a state court is totally self-destructive, for it brings directly into play the familiar *Rooker–Feldman* doctrine (named after *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). Although this Court might cite to or quote from almost any of the virtually innumerable expositions of that doctrine, last year's opinion of our Court of Appeals in *Schmitt v. Schmitt,* 324 F.3d 484, 486 (7th Cir.2003) (citations and internal quotation marks omitted) contains an especially felicitous statement of the principle:

> We have interpreted Rooker–Feldman to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judg-

ment itself, then Rooker–Feldman controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional. Our cases reflect *Rooker 's* basic principle that once a case is litigated in state court, a federal district court does not have jurisdiction to review it. Thus *Rooker* and *Feldman* both proclaimed that if a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case; and the only appeal is to the Supreme Court after a final judgment by the highest state court.

That more extended statement has recently been abbreviated succinctly in *Garcia v. Village of Mt. Prospect,* 360 F.3d 630, 634 n. 5 (7th Cir.2004):

> Generally, we have held that for the Rooker–Feldman doctrine to apply, the complained-of injury must have been caused by the state-court judgment itself.

And though it is scarcely necessary to heap Pelion upon Ossa, 17 Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4106, at 453 (2003 supp. to 2d ed.1988) also confirms, just as succinctly and in an even more particularized manner:

> Under the Rooker–Feldman doctrine, bankruptcy courts lack subject matter jurisdiction to hear matters decided in state court.

In summary, Catuara has pleaded himself right out of this federal court. It is an understatement to say, in the language of 28 U.S.C. § 1447(c), that "it appears that the district court lacks subject matter jurisdiction." As directed by that section,

this Court orders the case remanded to the state court of origin, and as permitted by this District Court's LR 81.2(b) the Clerk is ordered to mail the certified copy of the remand order forthwith.

■ Finally, the tangled and tortuous course of the underlying litigation that Catuara has carried on (a course that is plainly revealed by the paper blizzard with which he has supplemented the Notice), together with his groundless effort to halt Bank's long-delayed foreclosure sale by the current attempted removal, plainly label this action as one that should "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" as permitted under Section 1447(c). And there is no need to defer implementation of the remand order by reason of that added element—see, e.g., *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 256–57 (6th Cir.1997), which applies the principle of *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) and joins *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir.1992) in holding that a district court retains jurisdiction after remand to entertain a motion for costs and actual expenses, including attorney fees. Accordingly this Court will await a timely motion by Bank in that respect.